1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENNIFER HOLLIDAY, ESQ. (SBN 261343)
  jhollidayesq@protonmail.com
1901 Ave. of the Stars, 2nd Floor
Los Angeles, California 90067
dir. (805) 622-0225
*Attorney for Plaintiff Genevieve Morton*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

IN RE: DMCA § 512(h)
SUBPOENA TO TWITTER, INC.

MISC. CASE NO.: 2:22-mc-11

**REQUEST TO THE CLERK FOR ISSUANCE OF SUBPOENA TO TWITTER, INC. PURSUANT TO 17 U.S.C. § 512(H) TO IDENTIFY ALLEGED INFRINGER**

PETITIONER GENEVIEVE MORTON hereby requests that the Clerk of this Court issue a subpoena to Twitter, Inc. to identify the alleged infringer(s) at issue pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (the "Section 512(h) Subpoena").  The proposed Section 512(h) Subpoena is attached hereto as Exhibit 1.

The proposed Section 512(h) Subpoena is directed to Twitter, Inc., the service provider of Twitter accounts to which the infringing parties using the names posted content.  The following URL contained the infringing content posted to the

alleged infringer's Twitter account at issue and displayed on Twitter and its related applications:

https://twitter.com/0k_show/status/1441608396793335808

Morton has satisfied the requirements for issuance of a subpoena pursuant to 17 U.S.C. § 512(h):

1. Morton has submitted copies of her notifications sent pursuant to 17 U.S.C. § 512(c)(3)(A) as Exhibit A to the attached Declaration of Jennifer Holliday dated January 18, 2022 (Holliday Declaration).

2. Morton has submitted the proposed 512(h) Subpoena attached hereto as Exhibit 1.

3. Morton has submitted a sworn declaration confirming that the purpose for which the Section 512(h) Subpoena is sought is to obtain the identity of an alleged infringer or infringers and such information will only be used for the purposes of protecting Ms. Morton's rights under title 17 of the United States Code. *See* Holliday Decl.

Having complied with the statutory requirements, Morton respectfully requests that the Clerk expeditiously issue and sign the proposed Section 512(h) Subpoena pursuant to 17 U.S.C. § 512(h)(4) and return it for service to Twitter, Inc.

Dated:  Jan. 18, 2022                    Respectfully submitted,

__/s/_____
JENNIFER HOLLIDAY, ESQ.
Attorney for Genevieve Morton

2

REQUEST TO THE CLERK FOR ISSUANCE OF DMCA §512(h) SUBPOENA

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| In re: DMCA 512(h) Subpoena to Twitter, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-MC-11 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records for: Twitter, Inc.,
1355 Market Street, Suite 900 San Francisco, CA 94103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

listed and described on Appendix A

| Place: 1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067; jhollidayesq@protonmail.com | Date and Time:<br><br>January 31, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                    OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Genevieve Morton
_____ , who issues or requests this subpoena, are:

1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067; jhollidayesq@protonmail.com; 805-622-0225

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-MC-11

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

IN RE: MORTON DMCA SUBPOENA TO TWITTER

**APPENDIX A
TO SUBPOENA COMMANDING PRODUCTION BY TWITTER, INC.**

Items and information requested pursuant to this subpoena are any and all information in your possession pertaining to the identity of the individual(s) who posted Genevieve Morton's copyrighted works on the following URL:

https://twitter.com/0k_show/status/1441608396793335808

1) All identity and contact information, including full name, email address(es), physical address, date of birth, gender, occupation, and other personal identifiers including profile photographs;
2) All past and current usernames and names associated with the account;
3) The dates and times at which the account profile were created and the internet protocol address at the time of sign-up;
4) All IP logs or other documents showing the IP address, date, location and time of each log-in to the account;
5) All direct messages which have been sent or received;
6) Any websites or other links listed in the user bios;
7) Every "Tweet" including photographic images, the user(s) posted;
8) Any IMEI (International Mobile Station Equipment Identity) number collected from a mobile device that logged into the @0K_Show account;
9) Any and all user data collected off any website posted to the user's bio or the Tweet posted at the URL containing the infringed image.
10) Any other accounts, current or closed, associated with the user's IP address or IMEI.
11) The user's billing information if the account(s) were developer accounts or paid for advertisements on Twitter.
12) Any other apps the user(s) of the account(s) have downloaded onto their mobile devices.

## DECLARATION OF JENNIFER HOLLIDAY IN SUPPORT OF REQUEST TO ISSUE DMCA 512(h) SUBPOENA

1. My name is Jennifer Holliday, and I am a member of the State Bar of California licensed to practice in California and admitted to practice before this Court.
2. On January 18, 2022, I prepared and submitted a subpoena (the "Subpoena") pursuant to 17 U.S.C. § 512(h), to the Clerk of the United States District Court for the Central District of California via the ECF System.
3. I do swear under penalty of perjury that the Subpoena sought is to obtain the identity of alleged copyright infringers, and that such information will only be used for the purpose of protecting the copyrights of Genevieve Morton, the registered copyright holder.
4. I have personal knowledge of all facts set forth in this Declaration.
5. The facts set forth in this Declaration are true and correct.

Executed under the laws of the State of California and of the United States on 18th January 2022 in the State of Tennessee, Williamson County.

_____

**JENNIFER HOLLIDAY**
**ATTORNEY FOR GENEVIEVE MORTON**

# EXHIBIT A

From: **Twitter Support** support@twitter.com 🚩
Subject: We got your report 0233005694 [ref:00DA0000000K0A8.5004w00002FFeIo:ref]
Date: October 12, 2021 at 1:53 PM
To: ███████████████



Hello,

This is an auto-confirmation that we have received your copyright report. Twitter will reply as soon as possible.

Copyright complaints concern the unauthorized distribution or republishing of material protected by copyright law. Here are some examples of possible copyright issues on Twitter:

1. Twitter account publishing links to free downloads of copyright protected materials
2. Twitter account using a copyright protected logo or image

If your report does not involve a copyright protected image that is being used as a Twitter account background or profile image, or Tweets containing links to unauthorized publication of copyright protected materials, most likely, it is not a Twitter copyright issue.

Many people confuse copyright with trademark. For information on reporting other possible Terms of Service violations, including possible trademark issues, please see this page: https://help.twitter.com/rules-and-policies/twitter-report-violation.

If you have concerns regarding an urgent issue relating to abuse or safety on Twitter please refer to the Twitter rules here: https://help.twitter.com/rules-and-policies/twitter-rules.

Thanks,

Twitter

Please note, we cannot accept email attachments at this time; please include all information in the body of your request.


\-------------------------------------------------
Your ticket number: #0233005694

Copyright owner:
> GENEVIEVE MORTON
Name:
> JENNIFER HOLLIDAY
Company:
> Jennifer Holliday, Esq.
Job title:
> Attorney

Address:
> ██████████████████████
City:
> Los Angeles
State/Province:
> ████████
Postal code:
> █████
Phone (optional):
> ████████
Fax (optional):
>


Where is this infringement happening?
> Twitter
Description of original request:

> The original work is a photograph of a woman swinging from a rope in a body of water.

Links to original work:
> [Empty]

Please provide URL(s) to the infringing material (e.g., Tweet URL, Periscope broadcast URL, Fleet ID, etc.):
> https://twitter.com/0k_show/status/1441608396793335808

Reported content:
> Image/Photograph
Description of infringement:
> The photograph has been cropped and altered and is displaying differently on different devices. Some are displaying a version of the photograph with the head not visible, some are simply displaying a cropped version with the full body. It is also in a Tweet asking for money, implying that the Twitter Verified User who appears in the photo is soliciting funds (which is not true).

512(f) Acknowledgement:
> I understand that under 17 U.S.C. § 512(f), I may be liable for any damages, including costs and attorneys' fees, if I knowingly materially misrepresent that reported material or activity is infringing.

Good Faith Belief:
> I have good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Authority to Act:
> The information in this notification is accurate, and I state under penalty of perjury that I am authorized to act on behalf of the copyright owner.

Signature:

> JENNIFER HOLLIDAY

Country

> US

ref:00DA0000000K0A8.5004w00002FFelo:ref

**Help** | **Privacy**

Twitter, Inc. 1355 Market Street, Suite 900 San Francisco, CA 94103